**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| STEELE ACQUISITIONS LLC, | ) | 3:16-cv-00027-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| NORTHERN NEVADA BUILDING & | ) | |
| CONSTRUCTION TRADES COUNCIL | ) | |
| DEVELOPMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| NORTHERN NEVADA BUILDING & | ) | |
| CONSTRUCTION TRADERS COUNCIL | ) | |
| DEVELOPMENT CORPORATION, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STEELE ACQUISITIONS, LLC, | ) | |
| | ) | |
| Counterdefendant. | ) | |
| _____ | ) | |
| NORTHERN NEVADA BUILDING & | ) | |
| CONSTRUCTION TRADERS COUNCIL | ) | |
| DEVELOPMENT CORPORATION, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STEELE PROPERTIES, LLC, STEELE | ) | |
| PROPERTIES HOLDINGS, LLC, DOE | ) | |
| MEMBERS 1-10; and DOE MANAGERS | ) | |
| 11-20, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

1

Plaintiff Steele Acquisitions initiated this suit against defendant Northern Nevada Building & Construction Traders Council Development Corporation ("BCTC") on January 21, 2016.  According to the complaint, BCTC is the owner of the Carville Park Apartments in Reno, Nevada.  On November 19, 2015, Steele Acquisitions and BCTC entered into a Purchase and Sale Agreement ("PSA") in order that Steele Acquisitions could purchase the apartments from BCTC.  In connection with the PSA, Steele Acquisitions deposited $100,000.00 into escrow.  On January 15, 2016, Steele Acquisitions terminated the PSA and demanded return of the $100,000.00.  BCTC objected to the return of the funds to Steele Acquisitions and asserted that it is entitled to the entire deposit.  Minimally, BCTC asserts, it is entitled to a $25,000.00 cancellation fee provided for in the PSA.

Steele Acquisition's complaint asserts several causes of action against BCTC in connection with the terminated sale.  In response, BCTC filed three counterclaims against Steele Acquisitions, including one for fraudulent inducement.  BCTC has also filed a third-party complaint against Steele Properties and Steele Properties Holdings on the grounds that it was Steele Properties that initiated negotiations for the sale and that, although they are not parties to the contract at issue in this case, the Steele Properties parties are liable under a theory of alter ego.

Steele Acquisitions and the Steele Properties parties (collectively "the Steele parties") move to dismiss the claims of fraudulent inducement asserted in the counterclaim and third-party complaint.  The Steele Properties parties also move to dismiss the third-party complaint in its entirety (ECF No. 24).  BCTC has

opposed the motion (ECF No. 29), and the Steele parties have replied (ECF No. 30).

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, legal conclusions are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a 'short and plain statement' of their claims in the complaint." *Paulsen v. CNF, Inc*., 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). While this rule "does not require 'detailed factual allegations,'" it "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted).

BCTC's fraudulent inducement claims assert that Steele

3

Properties convinced BCTC to enter into negotiations and the PSA by promising to pay a $25,000.00 cancellation fee if the sale did not go through.  BCTC asserts that the Steele parties never intended to follow through with this promise.  The Steele parties move to dismiss the fraudulent inducement claims, arguing that by depositing $100,000.00 in escrow, from which any $25,000.00 cancellation fee would be paid, Steele Acquisitions performed under the parties' contract – so any claim that it did not intend to comply with the contract cannot stand.  Steele Acquisition's argument does not address the fact that it is currently contesting its liability to pay the $25,000.00 fee.  Moreover, the defense to this claim is based on evidence that cannot be considered on a motion to dismiss.  Accordingly, the motion to dismiss the fraudulent inducement claim is **DENIED WITHOUT PREJUDICE** to renew at the close of discovery as a motion for summary judgment.

The Steele Properties parties argue that the third-party complaint should be dismissed because third-party complaints are proper only where the defendant/third-party plaintiff asserts the third-party defendants are liable in indemnity or contribution for the plaintiff's claims against the defendant.

Under Rule 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  A third-party complaint is therefore proper where a third-party plaintiff believes a third-party defendant is derivatively liable for the plaintiff's claims against the third-party plaintiff.  BCTC's claims clearly do not allege that the Steele Properties parties are liable for Steele Acquisitions claims

against BCTC.  They are, instead, direct claims against the Steele Properties parties.  The claims were therefore improperly asserted in a third-party complaint.  The Steele Properties parties should have been joined as parties to BCTC's counterclaims against Steele Acquisitions under Federal Rules of Civil Procedure 19 and 20. Accordingly, the third-party complaint is hereby **DISMISSED WITHOUT PREJUDICE,** with leave to file an amended counterclaim joining the Steele Properties, LLC and Steele Properties Holdings, LLC.[1]

IT IS SO ORDERED.

DATED: This 28th day of September, 2016.

_Howard D McKibben_
UNITED STATES DISTRICT JUDGE

---

[1]  The Steele Properties parties argue that even if the claims are brought as counterclaims they would have to be dismissed because the Steele Properties parties were not parties to the contract.  This argument is not persuasive at this juncture as plaintiff has asserted that the Steele Properties parties are liable under a theory of alter ego.